UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREW STEVEN GRAY,

    Petitioner,

v.

MARIAN FEATHERS, *et al.*

    Respondent.

CASE NO. C10-2045-MJP-MAT

ORDER TO SHOW CAUSE

This is a federal habeas action brought under 28 U.S.C. § 2241. Petitioner asserts in his federal habeas petition that the United States Bureau of Prisons ("BOP") has violated his rights to due process and equal protection by denying him early release for successful completion of the Residential Drug and Alcohol Program ("RDAP"). Respondents, in their answer to the petition, argued that the petition should be denied because petitioner failed to exhaust his administrative remedies.

Petitioner filed a response to respondents' answer in which he acknowledged that he had not exhausted his administrative remedies, but argued that exhaustion should be excused. (Dkt. No. 14.) Petitioner asserted in support of that argument that he had attempted to exhaust

ORDER TO SHOW CAUSE
PAGE - 1

his administrative remedies while confined at FDC SeaTac, but a staff member there frustrated that attempt by failing to properly process the required paperwork. (Dkt. No. 14 at 2-3.) Petitioner further asserted that after arriving at FCI Sheridan, and restarting the administrative remedy process, he was advised by the RDAP coordinator there that any effort to exhaust his administrative remedies would be futile. (*Id*. at 3-4.)

Respondents thereafter filed a reply brief to address petitioner's assertions regarding his efforts to exhaust. (Dkt. No. 18.) Respondents indicated therein that they were unable to confirm petitioner's claim that his efforts to exhaust at FDC SeaTac were frustrated by staff. (*Id*. at 1-2.) They argued, however, that even if petitioner's initial attempt to exhaust was thwarted by FDC SeaTac staff, he could have submitted a new request for an administrative remedy. (*Id*.) Respondents also indicated in their reply brief that the RDAP coordinator at FCI Sheridan had only a limited recollection of his conversation with petitioner regarding petitioner's pursuit of his administrative remedies, but he did specifically recall making clear to petitioner that he should proceed with the administrative remedy process. (*Id*. at 2.) Finally, respondents reiterated in their reply brief their request that petitioner's petition for writ of habeas corpus be denied because of his failure to fully exhaust his administrative remedies. (*Id*. at 3-4.)

Most recently, on July 1, 2011, the Court received from petitioner a brief which petitioner identified as a response to respondents' reply. (Dkt. No. 20.) While this brief was not invited by the Court, and typically would not be permitted, the brief does contain information relevant to the exhaustion question and has therefore been accepted for filing. Petitioner asserts in his brief that his efforts to exhaust have been repeatedly frustrated and he

asks that the Court rule on the merits of his claim. Petitioner also indicates, however, that he is currently awaiting a response to his appeal to the BOP Central Office, the final stage of the BOP administrative remedy process. *See* 28 C.F.R. § 542.15.

As it appears that full exhaustion of petitioner's administrative remedies is likely imminent, it may be most appropriate at this juncture to stay the instant habeas action pending resolution of petitioner's final appeal. However, before entering such a stay, the Court deems it appropriate to allow the parties to weigh-in on this proposed course of action.

Accordingly, the Court does hereby ORDER as follows:

(1) The parties shall SHOW CAUSE not later than ***thirty (30) days*** from the date on which this Order is filed why the instant action should not be stayed pending resolution of petitioner's final appeal.

(2) The current noting date for petitioner's federal habeas petition is STRICKEN.

(3) The Clerk shall direct copies of this Order to petitioner, to counsel for respondents, and to the Honorable Marsha J. Pechman.

DATED this 20th day of July, 2011.

Mary Alice Theiler
United States Magistrate Judge